**A. M. Todd, Defendant in Error, v. Chicago City Railway Company, Defendant in Error. Auto Taxicab Company, Plaintiff in Error.**

**Gen. No. 20,440. (Not to be reported in full.)**

Error to the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed January 27, 1916. Rehearing denied February 9, 1916.

### Statement of the Case.

Action by A. M. Todd, plaintiff, against the Chicago City Railway Company and the Auto Taxicab Company, defendants, in the Circuit Court of Cook county, to recover for personal injuries. To reverse a judgment for plaintiff, defendant Auto Taxicab Company prosecutes this writ of error.

About midnight, September 11, 1911, plaintiff entered a taxicab of the defendant Auto Taxicab Company at the Illinois Athletic Club in Chicago, and instructed the driver to take him to the Lake Shore station. The driver proceeded south on Michigan avenue, and then turned west on Jackson boulevard. While crossing State street, two blocks west of Michigan avenue, the taxicab collided with a southbound street car. The plaintiff was cut about the head, severing an artery in the region of the temple. He was taken back to the Athletic Club, where he received medical attention. He stayed at the club that night, the next day and night, and the next day, against the advice of his physician, he went to Atlantic City, and later came back to Chicago. He was a traveling salesman earning more than $10,000 per year. He was unable to work for more than three months after the accident.

The action was tried by jury which found the Chicago City Railway Company not guilty, and returned

a verdict against the other defendant. In the Appellate Court the death of plaintiff was suggested and his administrator was there substituted on motion.

LeBosky & Gladstone, for plaintiff in error.

Henry M. Hagan, for defendant in error.

Mr. Justice O'Connor delivered the opinion of the court.

## Abstract of the Decision.

1. Automobiles and Garages, § 3*—*when instruction on case to be exercised by taxicab company in conveyance of passengers erroneous.* In an action to recover for personal injuries sustained while riding in defendant's taxicab as a result of the collision between it and a street car, an instruction that the driver of the taxicab is not required to anticipate anything not reasonably to be anticipated by him is properly refused, the driver being required in such case, with reference to his passenger, to exercise a high degree of care in safeguarding such passenger, and it is not enough that at the time of the collision the driver was in the exercise of ordinary care.

2. Negligence, § 218*—*when instruction properly refused as assuming facts.* In an action to recover for personal injuries it is proper to refuse an instruction that plaintiff could not recover for injury or disability resulting from want of proper care after his injury which aggravated his condition by failing to observe the instructions of his physician, such instruction being bad as assuming that plaintiff had done something aggravating his condition, thereby invading the province of the jury.

3. Automobiles and Garages, § 3*—*when instruction as to right of driver of taxicab to assume that street car would stop erroneous.* In an action to recover for personal injuries sustained while riding in defendant's taxicab as a result of a collision between the taxicab and a street car, it is proper to refuse an instruction that the driver had a right to assume that the street car would stop as required by an ordinance but not adding "in the absence of some warning or evidence to the contrary," such qualification being necessary to correctness of the instruction.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. TRIAL, § 91*—*when objection to evidence limited to grounds specified.* A question to a medical expert objected to in the trial court on the ground that it was not a proper hypothetical question cannot be objected to on the review as calling for an answer invading the province of the jury, an objection to evidence being limited to the grounds specified and not covering other grounds not specified.

5. APPEAL AND ERROR, § 384*—*when objection cannot be made on review.* An objection cannot be made for the first time on review.

6. EVIDENCE, § 410*—*when expert may give opinion whether injured person's condition result of injury.* Where there is no dispute as to the manner in which plaintiff was injured, and the question is whether plaintiff's condition at a subsequent time was the result of the injury, a question to a medical expert calling for an opinion on such question and an answer giving such opinion are properly permitted.

7. AUTOMOBILES AND GARAGES, § 3*—*when evidence as to observance of ordinance by taxicab driven prior to injury inadmissible.* In an action to recover for personal injuries sustained while riding in defendant's taxicab as a result of a collision between the taxicab and a street car, evidence of the practice of the driver of the taxicab prior to the accident as to observance of an ordinance is properly excluded, the only proper inquiry in such case being what the driver did at the time and place of the accident, and it being immaterial what he did at other times.

8. STATUTE OF LIMITATIONS, § 108*—*when must be pleaded to be available as defense.* A defendant who does not plead the statute of limitations to additional counts filed by plaintiff by leave of court cannot complain that such counts set up causes of action differing from that alleged in the original declaration, and that such causes of action are barred by the statute, the only way to raise such question in such case being by a plea of the statute.

9. JUDGMENT, § 216*—*when motion in arrest of judgment not proper to reach defects in declaration.* In an action to recover for personal injuries, a motion in arrest of judgment on the ground that the declaration alleged a higher degree of care to rest on defendant than that required by law is properly denied where defendant requested no instructions embodying its view of the law, the proper method to raise such question being by special demurrer.

10. PLEADING, § 466*—*when declaration sufficient after verdict.* After verdict all that is required is that the declaration be sufficient to sustain a judgment for plaintiff.

11. DAMAGES, § 115*—*when damages for personal injuries not excessive.* In an action to recover for personal injuries, where it

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

appeared that prior to the accident plaintiff's earnings averaged nearly $1,000 a month, a verdict for plaintiff for $2,500 *held* not excessive, it also appearing that plaintiff was unable to work for more than three months after the accident and suffered great pain.